### *Robert Campbell* v. *Timothy Munger and others.*

THIS was a motion for judgment as in case of
nonsuit for not proceeding to trial.   The affidavit, on
which it was grounded, stated, that issue was joined
in *January* term, 1802; that the cause was duly no-
ticed for the circuit in the same year ; that it was not
then tried, and was noticed again for the circuit in
*May* last, when it was not brought on, though it was
one of the oldest issues on the calendar, and no coun-
termand of trial had been given.

*Van Antwerp* resisted the application, on a deposi-
tion made by himself, admitting the notice for the
last circuit, but setting forth also, that this cause, as
well as another at the suit of one *Elijah Montgomery*
against the same defendants, were actions of trespass
*quare clausum fregit*, involving the same question and
same defence ; that on the trial of the said cause,
*Elijah Montgomery* became nonsuit at the direction
of his honour, Mr. Justice *Kent*, to which direction
an exception was then taken, and, by consent of the
defendant's attorney, the making up of the case
was postponed till this term ; that it was under-
stood and agreed, between the deponent and the
defendant's attorney, that the decision in one of the
causes should be conclusive in the others ; and
thereon, shortly after the trial, so as above said to

have been had in the other cause, the witnesses for both parties were dismissed and that it was very doubtful whether a trial in this present action could have been had.

*Per Curiam*, delivered by LIVINGSTON, J. This is a motion for a nonsuit, for not proceeding to trial at the last circuit in *Saratoga*. It appears, that this, as well as another action of *Elijah Montgomery*, against the same defendants, was noticed for trial at that circuit; that they were all actions of *quare clausum fregit*, involving the same questions and the same defence. The action of *Montgomery* was tried, and the plaintiff nonsuited, by direction of Judge *Kent*. To his opinion an exception was taken by the plaintiff's counsel. The plaintiff's attorney upon this, thought it unnecessary, until the opinion given by the judge could be reviewed by this court, to bring on the trial of this cause; and he swears that " it " was understood and agreed, between the defend- " ant's attorney and himself, that a decision in the " cause tried should be conclusive in the other, and " that, thereupon, shortly after the trial, the witnesses " of both parties were dismissed."

Without relying much on the agreement of the attornies, which was not in writing, the court think the plaintiff has accounted satisfactorily for not bring- ing this cause to trial. He noticed it in good faith, and appears to have been prepared to try it, but find- ing the opinion of the judge against him in another cause embracing the same questions, and depending

D d

on the same evidence, it would have been folly in him to proceed in the others until the judgment of this court could be had. We think, therefore, that he ought not to stipulate, and that the costs for not proceeding to trial abide the event of the first.